UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **LARMAURICE GIBSON**, Defendant. | 2:17-CR-20522-TGB-MKM **ORDER DENYING MOTION FOR RESENTENCING** |

Defendant Larmaurice Gibson was sentenced on December 20, 2018 to forty-eight months of incarceration followed by a term of supervised release. He has now filed a motion for resentencing, alleging that his current scheduled release date of May 17, 2022 is incorrect. ECF No. 45. Because he has not exhausted administrative remedies, the motion will be denied.

## I.   BACKGROUND

In April 2017, Mr. Gibson was sentenced in state court to an indeterminate sentence of 3.5 to 10 years for carrying a concealed weapon and being a third-time habitual offender. PSR at ¶ 37.

Several months later, while serving that sentence in the Michigan Department of Corrections (MDOC), Mr. Gibson was charged by federal indictment in this case. ECF No. 1. He initially entered a plea of not guilty, but consented to federal detention on September 5, 2017. PSR at

1

¶ 4. He later pleaded guilty pursuant to a Rule 11 plea agreement. *Id.* at ¶ 5. He was sentenced by this court on December 20, 2018 to a total of forty-eight months imprisonment, which was to run "concurrent with [his] undischarged term of state imprisonment." Judgment, ECF No. 36, PageID.149.

On May 17, 2019, Mr. Gibson arrived at FCI Milan. He remains in custody there. ECF No. 52-2, PageID.396. Mr. Gibson was paroled from his state sentence to the MDOC on June 17, 2020, so that term has now been completed, and his federal sentence continues. ¶ 4-5, ECF No. 45, PageID.218. According to the Public Information Sentence Computation Data submitted by the government, as of September 2020, Mr. Gibson's projected release date—assuming full good time credit—is calculated to be May 17, 2022. *Id.*; *see also* ECF No. 52-2, PageID.396.

## II. STANDARD OF REVIEW

The motion does not clearly articulate on what basis or under which statutory authority Mr. Gibson believes he is entitled to resentencing. The Court reads his motion as alleging one or more of the following reasons why his projected release date of May 17, 2022 is incorrect:

(1) He should be given credit for any "time served in the Michigan Department of Corrections" against his federal sentence. ¶ 6, ECF No. 45, PageID.218.

(2) He should be given credit "from the time he consented to [federal] detention on September 5, 2017" until the time he

>   arrived at FCI Milan in May 2019 against his federal sentence. ¶ 5, ECF No. 45, PageID.218.
>
> (3)  His release date is incorrectly calculated by the BOP for some other reason.

To determine whether any of these allegations can move forward, the Court must first identify their statutory basis. A challenge to "the manner in which [a] sentence [is] being executed, rather than the validity of the sentence itself" arises under 28 U.S.C. § 2241. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). A challenge to the Bureau of Prison's computation of credit for time served in a prisoner's sentence constitutes a challenge to how the sentence is being executed. *See Lewis v. United States*, 50 F. App'x 294 (6th Cir. 2002). The Court will therefore treat this motion as arising under § 2241.

The United States points out that Mr. Gibson's argument could also be considered an attack on the imposition of the sentence, if he is arguing that the Court intended to grant him credit for time served in state custody prior to the date of sentencing by applying U.S.S.G. § 5G1.3(b)(1). Such a challenge would arise under 28 U.S.C. § 2255. *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."). However, the government correctly points out that under the one-year statute of limitations applicable to § 2255 petitions, such a

3

motion would be untimely because it would need to have been filed within one year of the date the judgment became final, in this case by January 15, 2020. This motion was filed on August 31, 2020.

Proceeding under § 2241 is also appropriate because Mr. Gibson's issue is with the BOP, not with this Court. The motion states his belief that this Court "did not intend for [him] to remain in custody until May of 2022" and that the "Bureau of Prisons did not give Mr. Gibson credit from the time he consented to detention." ¶¶ 5-7, ECF No. 45, PageID.218. He does not contend that the imposed sentence of forty-eight months was incorrect or somehow unlawful. Rather, the motion alleges error in interpreting this Court's judgment, resulting in a projected release date that does not "reflect the sentence this Court meant to impose." *Id.* These contentions deal with execution, not imposition, and the Court will not treat this motion as arising under § 2255.

### III.   ANALYSIS

To challenge sentence execution under § 2241, a federal prisoner must first seek administrative review by exhausting all available remedies. *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). In the case of § 2241 motions, this is because the power to calculate a sentence rests in the first instance with the Attorney General, and by extension the Bureau of Prisons; a district court can review that calculation but cannot initiate it. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *see also United*

*States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992); *Setser v. United States*, 566 U.S. 231, 244 (2012). After exhausting administrative remedies, the petitioner can file a motion in the district with jurisdiction over his custodian. *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004).

Here, the motion is correctly filed with this Court because FCI Milan is in the Eastern District of Michigan. But the record shows that Mr. Gibson has not pursued any administrative remedies with the BOP. ECF No. 52-3, PageID.399 (Administrative Remedies History). Mr. Gibson has not made any claims or submitted any documentation to the contrary. At this stage there is nothing to review, and the Court will not address the merits of Mr. Gibson's contentions.

## CONCLUSION

At this stage, the Court cannot consider Defendant's motion because he has not exhausted available administrative remedies. The motion for resentencing (ECF No.45) is **DENIED** without prejudice.

**SO ORDERED**, this 3rd day of February, 2021.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE